UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STMICROELECTRONICS N.V.,

               Plaintiff,                        O R D E R

     -against-                           08 CV 3201 (CPS)(RML)

CREDIT SUISSE GROUP,

               Defendant.
-----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff STMicroelectronics ("plaintiff" or "ST") moves to compel the

production of documents from defendant Credit Suisse Group ("defendant" or "Credit Suisse

Group") or, in the alternative, for permission to subpoena documents from non-party Credit

Suisse Securities.  I conducted a telephone conference on March 13, 2009, at which I directed

the parties to file supplemental submissions.  The parties have since filed numerous letters

addressing plaintiff's motion.  At a previous conference, on December 15, 2008, I had ordered

defendant to respond to written discovery requests.  For the reasons explained herein, I now

reconsider that order and direct that all discovery be stayed pending a decision on defendant's

motion to dismiss, which is <u>sub judice</u> before the Honorable Charles P. Sifton, United States

District Judge.

        Plaintiff brings this case pursuant to section 20(a) of the Securities and Exchange

Act of 1934, 15 U.S.C. § 78t(a), as well as state law.  (<u>See</u> Complaint, dated Aug. 6, 2008, ¶¶ 85-

98.)  The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that:

> In any private action arising under this title [15 U.S.C. § 78a <u>et</u>
> <u>seq.</u>], all discovery and other proceedings shall be stayed during
> the pendency of any motion to dismiss, unless the court finds upon
> the motion of any party that particularized discovery is necessary

to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).  This provision establishes "a mandatory stay on discovery pending

judicial determination of the legal sufficiency of the claims." Dabit v. Merrill Lynch, Pierce,

Fenner & Smith, Inc., 395 F.3d 25, 32 (2d Cir. 2005), vacated on other grounds, 547 U.S. 71

(2006).

       Courts "'have held [that] the automatic stay provision of the [PSLRA] is triggered

by the mere indication by [the] defense of its intention to file a motion to dismiss.'" Fisher v.

Kanas, No. 06 CV 1187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006) (quoting In re

Carnegie Int'l Corp. Sec. Litig., 107 F. Supp. 2d 676, 683 (D. Md. 2000)).  As a result, "no

discovery should take place until a court has affirmatively decided that a complaint does state a

claim . . . ." Podany v. Robertson Stephens, Inc., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)

(emphases omitted); see also Vacold LLC v. Cerami, No. 00 Civ. 4024, 2001 WL 167704, at *6

(S.D.N.Y. Feb. 16, 2001) ("[U]nless exceptional circumstances are present, discovery in

securities actions is permitted only after the court has sustained the legal sufficiency of the

complaint.").  To the extent that this statute prohibits discovery of parties, it bars discovery of

non-parties as well.  In re Cree, Inc. Sec. Litig., 220 F.R.D. 443, 446 (M.D.N.C. 2004) ( "[I]n

securities fraud lawsuits governed by the PSLRA, all discovery is stayed against parties and

non-parties alike until the court has addressed the sufficiency of the complaint.").

       With regard to the "particularized discovery" exception, "'a discovery request is

particularized' when 'it is directed at specific persons,' and 'it identifies specific types of

evidence that fall within its scope.'" Fisher, 2006 WL 2239038, at *2 (quoting In re Tyco Int'l,

Ltd. Sec. Litig., No. 00 Civ. 1335, 2000 WL 33654141, at *4 (D.N.H. July 27, 2000)).  Such

particularized discovery is permitted in the event that it "is necessary to preserve evidence or to prevent undue prejudice" to a party.  15 U.S.C. § 78u-4(b)(3)(B).  "A party alleging that discovery is necessary to preserve evidence must . . . make a specific showing that the loss of evidence is imminent as opposed to merely speculative."  In re Vivendi Sec. Litig., 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (internal quotations and citation omitted).

The Second Circuit has yet to define "undue prejudice," but district courts in this circuit have defined it as "improper or unfair treatment amounting to something less than irreparable harm."  Id. (citing In re Worldcom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002)) (additional citations omitted); see also Faulkner v. Verizon Commc'ns, Inc., 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (citing Vacold, 2001 WL 167704, at *6).  In the Worldcom case, for instance, the court partially lifted the stay to avoid prejudice to the plaintiffs, who were competing with other related actions and forced to engage in global settlement discussions for the limited Worldcom funds available after that corporation's collapse.  In re Worldcom, 234 F. Supp. 2d at 305-06.

Here, plaintiff does not argue that it needs particularized discovery to preserve evidence or prevent undue prejudice.  Instead, it argues conclusorily that "the longer it takes for this dispute to be resolved, the more ST is harmed – and the more Credit Suisse Group benefits." (Letter of Andrew Weissmann, Esq., and Matthew Alsdorf, Esq., dated Dec. 15, 2008.) However, delay in and of itself is not sufficient to establish undue prejudice, as delay is simply a part of the process in a securities case.  In re Initial Pub. Offering Sec. Litig., 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002); see also 380544 Can., Inc. v. Aspen Tech., Inc., No. 07 Civ. 1204, 2007 WL 2049738, at *4 (S.D.N.Y. July 18, 2007) ("[T]he mere fact that the discovery stay will

prevent plaintiffs from collecting evidence to assist in potential settlement negotiations or plan their litigation strategy does not constitute undue prejudice."); In re Vivendi, 381 F. Supp. 2d at 130-31(declining to lift stay where there was no evidence that documents would be lost or destroyed or that plaintiffs would be left without a remedy absent immediate access to discovery).

In short, plaintiff presents no "exceptional circumstances" to warrant lifting the automatic stay. All discovery is therefore stayed pending a determination on defendant's motion to dismiss.

SO ORDERED.

Dated: Brooklyn, New York
       April 27, 2009

                                        /s/
                                        ROBERT M. LEVY
                                        United States Magistrate Judge