# BINGHAM

Jeffrey Q. Smith
Direct Phone: 212.705.7566
Direct Fax: 212.702.3610
jqsmith@bingham.com

May 6, 2011

Hon. Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: STMicroelectronics N.V. v. Credit Suisse Group, 1:08-cv-3201 (RJD) (RML)**

Dear Judge Levy:

On behalf of Credit Suisse Group ("CSG"), I write in response to Andrew Weissmann's letter to Your Honor in the above-referenced action, dated April 27, 2011.

In his letter, Mr. Weissmann seeks to "renew" a motion that his client, plaintiff STMicroelectronics N.V. ("ST"), filed more than two years ago, in February 2009, seeking to compel document discovery from CSG and permission to issue document subpoenas to third parties, including Credit Suisse Securities (USA) LLC ("CSS"). Although my law firm has only recently been engaged and substituted as counsel for CSG in this action, it appears from the record that ST's prior motion to compel has already been decided and there is nothing for ST to "renew".

By Order dated April 27, 2009, Your Honor held that ST had presented no exceptional circumstances to warrant lifting the automatic stay and that "[a]ll discovery is therefore stayed pending a determination on defendant's motion to dismiss." Order at 4. To the extent Mr. Weissmann claims in his letter that "the Court did not rule on the merits of ST's motion to compel," he is simply wrong. Your Honor's Order disposed of ST's motion in its entirety.

More recently, Judge Dearie issued an Opinion and Order, dated March 31, 2011, in which he: (i) granted ST's motion to amend its complaint; (ii) granted in part and denied in part CSG's motion to dismiss ST's claims; (iii) denied as moot ST's request to modify the PSLRA discovery stay; and (iv) directed the parties to proceed with discovery. Judge Dearie has also ordered the parties to appear for a conference in this matter on May 26, 2011.

Based on the foregoing, it is our understanding that the parties must now proceed to address ST's individual discovery requests and the specific objections asserted thereto by CSG in Defendant's Objections and Responses to Plaintiff's Initial Request for Documents ("CSG's Objections"), a copy of which is attached as Exhibit A hereto. As asserted in CSG's Objections, many of the categories of documents sought by ST are overbroad and not reasonably designed to lead to the discovery of admissible evidence.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com

Hon. Robert M. Levy
May 6, 2011
Page 2

For several of the requests, the probative value of the documents sought, if any, would be far outweighed by the burden of production. Moreover, several of ST's requests seek the production of documents or information protected from compelled disclosure by the attorney-client privilege, work product doctrine, and/or data protection or secrecy laws of other countries. Although ST's proposal now to limit the scope of its requests by *excluding* documents in the custody of CSS will eliminate certain of CSG's Objections, many of CSG's objections to specific requests remain to be resolved.[1]

For example, Request No. 9 seeks *all* documents, from 2003 (more than three years before ST opened its CSS account) to the present, generated or received by *any* employee of CSG concerning *all* entities that were customers of the Butler/Tzolov team, without any limitation whatsoever as to content or subject matter of the documents. Not only does this request encompass a host of entities that never purchased the securities at issue in this action (meaning, for example, that they never purchased or owned an auction rate security that was backed by a CDO or CLN or became illiquid in August 2007), but it also potentially encompasses documents that are highly confidential to those non-party entities, including, for example, documents relating to actual or contemplated investment banking, financing, or other transactions and documents that could not be produced without violation of data protection or secrecy laws of other countries. Other requests (*e.g.*, Request Nos. 11, 12 and 16) seek documents relating to *all* securities held at any time in ST's account (such as commercial paper), *all* auction rate securities, *all* asset-backed securities, *all* CDOs, *all* CLNs, and *all* student loan securities. These requests are clearly overbroad and are not tailored in any way to obtain documents that would be relevant to ST's claims. These are just a few of the infirmities inherent in ST's requests.

"The burden of demonstrating relevance is on the party seeking discovery." *Trilegiant Corp. v. Sitel Corp.*, No. 09-cv-6492, 2010 WL 4668950, at *2 (S.D.N.Y. Nov. 15, 2010); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010); *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 151 (E.D.N.Y. 2008). Although ST now has the right to proceed with discovery in this action (as does CSG), ST has never explained why each of the categories of documents objected to by CSG is relevant to the claims that now remain in the action. As best we can determine, ST has never addressed CSG's Objections on a request-by-request basis.

Accordingly, CSG proposes that the parties schedule a "meet and confer" within the next ten days for the purpose of discussing ST's requests and CSG's Objections and engaging in a good faith effort to narrow, to the maximum extent possible, the issues remaining to

---

[1] In his letter, Mr. Weissmann states that "ST seeks permission to serve the attached [sic] Rule 45 subpoena on Credit Suisse Securities, which will obviate any concerns regarding CSG's ability to produce documents in the custody of Credit Suisse Securities." Although there was no subpoena attached to Mr. Weissmann's letter, he has informed us that the subpoena referred to was attached to one of his prior letters to Your Honor, dated February 13, 2009.

Hon. Robert M. Levy
May 6, 2011
Page 3

be decided by the Court. Thereafter, ST will have the burden of demonstrating to the Court the relevance of any documents it continues to seek despite the objections interposed by CSG.

To the extent that ST seeks leave to serve a Rule 45 subpoena on CSS "to obviate the issue of CSG's ability to produce documents within the custody of CSS," CSG agrees that service of a subpoena will resolve this issue and is the only appropriate way of seeking discovery in this action from CSS. This does not mean, however, that CSG agrees to the scope of the subpoena, and CSG hereby reserves, and does not waive in any respect, its right to object to various of the requests in the subpoena on the grounds, for example, of overbreadth and relevance. CSS would also, of course, have the right to interpose objections such as those based on privilege and undue burden.

Finally, just as Mr. Weissmann has stated in his letter that ST reserves the right to "to seek additional documents or information relevant to the newly added claim," CSG is currently evaluating whether any of CSG's Objections should be amended as a result of Judge Dearie's Order dismissing certain of ST's claims and ST's proposal to use a Rule 45 subpoena to obtain documents directly from CSS.

Respectfully submitted,

Jeffrey Q. Smith