UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STMICROELECTRONICS,

               Plaintiff,

       - against –

CREDIT SUISSE GROUP,

               Defendant.
----------------------------------------------------------------x

**ORDER**

08 CV 3201 (RJD) (RML)

DEARIE, District Judge.

       On March 31, 2011, the Court allowed plaintiff STMicroelectronics ("ST") to amend its complaint and denied a motion by defendant Credit Suisse Group ("CSG") to dismiss ST's claims under Securities Exchange Act Sections 10(b) and 20(a).  In so holding, the Court stated: "Despite ST's argument that the amount of the arbitration award does not represent the full extent of its damages, '[t]he issue of compensatory damages,' whether under Section 10(b) or 20(a), 'is totally precluded from relitigation in the District Court.'"  (Mem. & Order, Dkt. #69, at 19 (quoting Boguslavsky v. Kaplan, 159 F.3d 715, 721 (2d Cir. 1988)).).  Additionally, the Court denied CSG's motion to dismiss ST's conversion claim and left open the issue of whether ST could recover punitive damages under New York law.  (See id. at 23.)

       By letter dated April 18, 2011, ST writes to preserve the right to pursue "additional compensatory damages" in connection with its conversion claim.  (4/18/11 Ltr., Dkt. #72, at 1.)  By response dated April 26, 2011, CSG argues that the amount of ST's damages resulting from lack of access to its account holdings "was decided by the arbitration panel and is reflected in the panel's award" against subsidiary Credit Suisse Securities ("CSS").  (8/26/11 Ltr., Dkt. #77, at 1-2.)  The latter is incorrect.  As stated in the Court's prior opinion, only "the amount of compensatory damages under Section 10(b) has been fully litigated."  (Mem. & Order at 24.)

Nevertheless, "[r]ecovery under New York State conversion law is limited to the value of the property at the time and place of seizure plus interest." East Coast Novelty Co., Inc. v. City of New York, 842 F. Supp. 117, 124 (S.D.N.Y. 1994) (citing Fantis Foods, Inc. v. Standard Imp. Co., 49 N.Y.2d 317, 326 (1980)). "These damages are the equivalent of "compelling the [defendant] to pay for [the plaintiff's property] as in a forced sale." Iglesias v. United States, 848 F.2d 362, 364 (2d Cir. 1988). By directing CSS to pay over $400 million in exchange for ST's account holdings, the arbitrators forced just such a sale, on terms highly favorable to ST. And the arbitrators awarded ST over $27 million in interest as of the award's date, plus further "interest at the rate of 4.64% on the par value of the portfolio from December 31, 2008 until the award is paid in full." Award at 3, FINRA Dispute Resolution, Case No. 08-00512, http://finraawardsonline.finra.org/turing.aspx?doc=41723.

ST apparently seeks more, including, for example, "substantial finance fees" incurred after the date of the arbitration award. (4/18/11 Ltr. at 1.) In rare cases, consequential damages "are allowed where either from the nature of the article or peculiar circumstances of the case they might reasonably be supposed to follow from the conversion." Rajeev Sindhwani, M.D., PLLC v. Coe Business Serv., Inc., 52 A.D.3d 674, 676 (2d Dep't 2008) (internal quotation marks omitted). ST does not allege, however, that its funds were converted by CSG upon deposit; rather, ST alleges that CSG converted its securities by failing "to comply with ST's instructions beginning in August 2007 to [liquidate the] account and revert the proceeds to ST." (AC ¶ 102.) To recoup the additional sums, ST must prove both that its total damages exceed the amount awarded by the arbitrators and that ST would not have incurred the additional damage absent CSG's independent, intentional conduct – i.e., declining to reimburse the value of ST's fully nonconforming, already devalued and concededly illiquid holdings after being notified of the

2

fraud. Because these issues were not decided in the arbitration, the Court will not deny ST an attempt to make the required showing.

SO ORDERED.

Dated: Brooklyn, New York
May /0, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge