Jeffrey Q. Smith
Mary Gail Gearns
Jeanette V. Torti
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel:  (212) 705-7000

*Attorneys for Defendant*
  *Credit Suisse Group*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STMICROELECTRONICS N.V.,<br><br>                              Plaintiff,<br><br>          v.<br><br>CREDIT SUISSE GROUP,<br><br>                              Defendant. | Case No. 08-Civ-3201 (RJD) (RML)<br><br>Hon. Raymond J. Dearie<br><br>ECF Case |

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF CREDIT SUISSE GROUP</u>

Defendant Credit Suisse Group ("CSG")[1], by its undersigned attorneys, as and for its

Answer and Affirmative Defenses to the Amended Complaint (the "Complaint") of Plaintiff

STMicroelectronics N.V. ("ST"), states as follows:

## <u>INTRODUCTION</u>

1.       CSG denies the allegations in Paragraph 1 of the Complaint, except admits that

Eric Butler ("Butler") was convicted of and Julian Tzolov ("Tzolov") pled guilty to perpetrating

a criminal fraud on ST and certain other customers of the Private Banking division of CSSU,

admits that approximately $415 million worth of auction rate securities ("ARS") purchased in

---

[1]     The responses contained herein are made solely on behalf of Credit Suisse Group, and no
other individual or entity, including, but not limited to, Credit Suisse Securities (USA) LLC
("CSSU").

ST's CSSU account have been illiquid at their par value since August 2007, and respectfully refers the Court to ST's publicly-filed financial statements for a complete and accurate statement of their contents, including the write-downs taken by ST with respect to the ARS at issue.

2.      CSG denies the allegations in Paragraph 2 of the Complaint, except admits that Butler and Tzolov were charged with perpetrating a criminal fraud on ST and certain other customers of the Private Banking division of CSSU, admits that Butler was convicted of and Tzolov pled guilty to the charges, admits that Tzolov is currently in jail awaiting sentencing and that Butler has been sentenced to a five-year prison term, and denies knowledge or information sufficient to form a belief as to the truth of ST's allegation that it reported Butler and Tzolov to the Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC").

3.      CSG denies the allegations in Paragraph 3 of the Complaint, except admits that Butler and Tzolov, while employed by CSSU as brokers with the position of director, pitched ARS backed by federally guaranteed student loans ("SLARS") to ST, admits that between May 2006 and August 2007, ST deposited approximately $450 million in a non-discretionary brokerage account at CSSU's New York branch office, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the basis on which ST made its investment decisions, denies knowledge or information sufficient to form a belief as to the truth of any allegations concerning oral communications among Butler, Tzolov and ST, and respectfully refers the Court to the written communications among Butler, Tzolov and ST referred to in Paragraph 3 for a complete and accurate statement of their contents.

4.      CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, except denies that CSG and CSSU knew that the ARS purchased in ST's account were unauthorized or incompatible with ST's cash management

policy, admits that Butler was convicted of and Tzolov pled guilty to perpetrating a criminal fraud on ST and certain other customers of the Private Banking division of CSSU by misrepresenting the nature of certain ARS purchased in their accounts, and admits that certain ARS represented by Butler and Tzolov to be backed by federally guaranteed student loans were in fact backed by collateralized debt obligations ("CDOs") and credit-linked notes, some of which had subprime exposure, and by non-government-guaranteed student loans.

5.      CSG denies the allegations in Paragraph 5 of the Complaint, except admits that, at the request of ST, executives of CSSU and CSG participated in confidential settlement discussions in or about September 2007 in a good faith effort to resolve the dispute.

6.      CSG denies the allegations in Paragraph 6 of the Complaint, except admits that CSG is not a member of FINRA, admits that ST was compelled to arbitrate its claims against CSSU pursuant to the express terms of ST's customer agreement with CSSU, and respectfully refers the Court to ST's customer agreement with CSSU and to CSG's pleadings in this action for a complete and accurate statement of their contents.

7.      CSG denies the allegations in Paragraph 7 of the Complaint, except admits that ST filed a FINRA arbitration against CSSU on or about February 22, 2008, titled *STMicroelectronics NV v. Credit Suisse Securities (USA) LLC*, No. 08-00512 (the "FINRA Arbitration"), and respectfully refers the Court to the record of the FINRA Arbitration for a complete and accurate statement of its contents, including CSSU's acknowledgement that Butler and Tzolov had made misrepresentations to ST concerning its investments and CSSU's position that ST could not reasonably have relied on those misrepresentations as a matter of law.

8.      CSG denies the allegations in Paragraph 8 of the Complaint, except admits that CSSU acted at all times in good faith, and respectfully refers the Court to the record of the FINRA Arbitration for a complete and accurate statement of its contents.

9.      CSG denies the allegations in Paragraph 9 of the Complaint, except admits that the FINRA Arbitration panel issued a unanimous award in favor of ST  (the "Award") on February 12, 2009, which included the amounts alleged, admits that a Managing Director and certain registered sales assistants employed by CSSU testified in the FINRA Arbitration, and respectfully refers the Court to the Award and to record of the FINRA Arbitration for a complete and accurate statement of their contents.

10.      CSG denies the allegations in Paragraph 10 of the Complaint, except admits that, on or about February 17, 2009, ST filed a petition to confirm the Award before Judge Batts in the Southern District of New York, admits that CSSU cross-moved to vacate the Award, and respectfully refers the Court to Judge Batts's decisions confirming the Award for a complete and accurate statement of their contents.

11.      CSG denies the allegations in Paragraph 11 of the Complaint, except admits that Butler has been convicted of perpetrating a criminal fraud on ST, admits that Tzolov is currently in jail awaiting sentencing, admits that the FINRA Arbitration panel issued an Award in ST's favor, admits that CSSU has not paid the Award but instead has posted a bond in an amount that was agreed to by ST and so-ordered by the court pending the outcome of CSSU's appeal from Judge Batts's decisions, and respectfully refers the Court to the Award, to ST's publicly-filed financial statements, and to the record of all proceedings in the FINRA Arbitration and all post-arbitration proceedings for a complete and accurate statement of their contents.

12.      CSG denies the allegations in Paragraph 12 of the Complaint.

13.     CSG denies the allegations in Paragraph 13 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning ST's communications with the DOJ and SEC, and admits that CSSU properly and promptly reported Butler's and Tzolov's prohibited activity to its regulator, FINRA, in accordance with its regulatory reporting obligations.

14.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, except admits that, on July 22, 2009, Tzolov entered a guilty plea, and Butler was later convicted, on all counts of the indictments against them, admits that Tzolov was apprehended while a fugitive overseas, and respectfully refers the Court to the transcript of Tzolov's plea allocution for a complete and accurate statement of its contents.

15.     CSG denies the allegations in Paragraph 15 of the Complaint, except admits that, on August 17, 2009, the jury in Butler's criminal trial convicted him on all counts after a few hours of deliberations, admits that Tzolov, certain alleged victims, and certain CSSU employees all testified at Butler's criminal trial as witnesses for the government, and respectfully refers the Court to the transcripts of Tzolov's and the other witnesses' testimony for a complete and accurate statement of their contents.

16.     CSG denies the allegations in Paragraph 16 of the Complaint (including, in particular, the allegation that the Honorable Jack B. Weinstein, who presided over Butler's criminal trial, referred to a "'pernicious and pervasive . . . culture of corruption' at Credit Suisse"), except admits that Judge Weinstein sentenced Butler to five years in prison and imposed a $5 million fine against him, admits that Judge Weinstein issued a written decision on January 22, 2010, in which he chastised, among others, regulators, legislators, rating agencies,

Butler's clients (including, necessarily, ST), and financial institutions (including Butler's employer, CSSU), and respectfully refers the Court to the transcript of Judge Weinstein's comments during sentencing and to his written Sentencing Statement of Reasons for a complete and accurate statement of their contents.

17.     CSG denies the allegations in Paragraph 17 of the Complaint, except respectfully refers the Court to the announcement of Butler and Tzolov's promotion referred to in Paragraph 17 for a complete and accurate statement of its contents.

18.     CSG denies the allegations in Paragraph 18 of the Complaint, except admits that CSSU is an indirect, wholly-owned subsidiary of CSSU, through multiple intermediate entities, and denies knowledge or information sufficient to form a belief as to truth of the allegations concerning the reasons for ST's investment decisions.

19.     CSG denies the allegations in Paragraph 19 of the Complaint.

20.     CSG denies the allegations in Paragraph 20 of the Complaint.

21.     CSG denies the allegations in Paragraph 21 of the Complaint, except respectfully refers the Court to the September 21, 2007 email referred to in Paragraph 21 for a complete and accurate statement of its contents, as supported by documentation provided to ST.

22.     CSG denies the allegations in Paragraph 22 of the Complaint, except admits that the Chief Operating Officer and General Counsel of CSG between 2006 and 2009 is now the Chairman of CSG's Board of Directors, and that the General Counsel of CSG's Private Banking division between 2006 and 2009 is now CSG's General Counsel.

23.     CSG denies the allegations in Paragraph 23 of the Complaint, excepts denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ST's motivation for pursuing this action.

24.     CSG denies the allegations in Paragraph 24 of the Complaint, except admits that the securities at issue have been illiquid at their par value since August 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ST's credit facilities, credit lines, ability to pursue strategic opportunities, and communications with rating agencies or investors.

25.     CSG denies the allegations in Paragraph 25 of the Complaint, except admits that the securities at issue have been downgraded by rating agencies and that certain of them have stopped paying interest, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning ST's recognition of accounting charges under applicable accounting rules, and respectfully refers the Court to ST's publicly-filed financial statements for a complete and accurate statement of their contents.

26.     CSG denies the allegations in Paragraph 26 of the Complaint, except admits that, in December 2009, ST and CSSU agreed that it was in their mutual best interest to accept a tender offer from Deutsche Bank AG ("Deutsche Bank") pursuant to which Deutsche Bank paid $74,582,000 in cash for ARS held in ST's CSSU account with a par value of $153,500,000, and respectfully refers the Court to ST's publicly-filed financial statements for a complete and accurate statement of their contents, including the write-downs taken by ST with respect to the ARS tendered to Deutsche Bank.

## JURISDICTION AND VENUE ALLEGATIONS

27.     Paragraph 27 of the Complaint states a conclusion of law as to which no responsive pleading is required, although CSG denies that ST is entitled to any relief whatsoever.

28.     Paragraph 28 of the Complaint states a conclusion of law as to which no responsive pleading is required.

29.     Paragraph 29 of the Complaint states a conclusion of law as to which no responsive pleading is required.

## ALLEGATIONS CONCERNING THE PARTIES

30.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     CSG denies the allegations in Paragraph 31 of the Complaint, except admits that CSSU is headquartered in New York and is an indirect, wholly-owned subsidiary, through multiple intermediate entities, of CSG, admits that CSG is registered with the SEC as a foreign issuer, and states that CSG's shares are publicly traded on the Swiss Stock Exchange.

## ALLEGATIONS

32.     CSG denies the allegations in Paragraph 32 of the Complaint, except admits that Butler and Tzolov, while employed as brokers by CSSU, provided unapproved written materials to ST containing misrepresentations about ARS and SLARS, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Butler and Tzolov's oral communications with ST, and respectfully refers the Court to the written materials referred to in Paragraph 32 for a complete and accurate statement of their contents.

33.     CSG denies the allegations in Paragraph 33 of the Complaint, except admits that Butler and Tzolov provided information concerning SLARS to ST and certain other customers, admits that Butler and Tzolov sent an email discussing SLARS to ST on April 19, 2006, attaching a document titled "Auction Rate Securities," and respectfully refers the Court to the email and attachment referred to in Paragraph 33 for a complete and accurate statement of their contents.

34.     CSG denies the allegations in Paragraph 34 of the Complaint, except admits, upon information and belief, that, on April 20, 2006,  Butler and Tzolov had a discussion with one or more representatives of ST, admits that they provided ST with a document titled "Student Loan ABS Executive Summary," and respectfully refers the Court to that document for a complete and accurate statement of its contents.

35.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, except denies that SLARS were risk-free.

36.     CSG denies the allegations in Paragraph 36 of the Complaint, except admits that Butler was convicted of and Tzolov pled guilty to perpetrating a criminal fraud on ST by misrepresenting that ARS in its account were backed by federally guaranteed student loans, and respectfully refers the Court to the May 2006 email referred to in Paragraph 36 for a complete and accurate statement of its contents.

37.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, except admits that ST opened a non-discretionary cash management account with CSSU, and admits that, on or about May 12, 2006, ST wired $200 million into its CSSU account.

38.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, except admits that, between May 2006 and August 2007, ST deposited approximately $450 million in its CSSU account.

39.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, except admits that Butler was convicted of and Tzolov pled guilty to perpetrating a criminal fraud on ST by misrepresenting that ARS in its

account were backed by federally guaranteed student loans when they were not.  CSG further incorporates by reference Paragraphs 40 through 44, below.

40.     CSG denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, except admits that Butler and Tzolov sent email messages to ST misrepresenting that ARS in ST's account were backed by student loans when they were not, and respectfully refers the Court to Tzolov's June 14, 2006 email referred to in Paragraph 40 for a complete and accurate statement of its contents.

41.     CSG denies the allegations in Paragraph 41 of the Complaint, except admits that Butler and Tzolov sent email messages to ST misrepresenting that ARS in ST's account were backed by student loans when they were not, admits, upon information and belief, that Butler and Tzolov's sales assistants sent emails to ST containing erroneous security names that had been provided to them by the brokers, admits that, according to Tzolov's testimony, the purpose of the foregoing was to mislead ST about the nature of the ARS held in its account, and respectfully refers the Court to the unofficial email confirmations referred to in Paragraph 41 for a complete and accurate statement of their contents.

42.     CSG denies the allegations in Paragraph 42 of the Complaint, except admits that Butler and Tzolov, while employed by CSSU, sent email messages to ST misrepresenting that ARS in ST's account were backed by student loan securities when they were not, admits, upon information and belief, that Butler and Tzolov's sales assistants sent emails to ST containing erroneous security names that had been provided to them by the brokers, admits that, according to Tzolov's testimony, the purpose of the foregoing was to mislead ST about the nature of the ARS held in its account, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any oral communications among Butler, Tzolov and ST,

denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the basis for ST's investment decisions, and respectfully refers the Court to the unofficial email confirmations referred to in Paragraph 42 for a complete and accurate statement of their contents.

43.     CSG denies the allegations in Paragraph 43 of the Complaint, except admits that Butler and Tzolov replaced the term "CDO" with "Funding" in unofficial email confirmations sent to ST and certain other customers, admits that Butler and Tzolov instructed their sales assistants to do so too, admits that, according to Tzolov's testimony, the purpose of the foregoing was to mislead their customers about the nature of the ARS held in their accounts, and respectfully refers the Court to Tzolov's written instruction to his sales assistants and to the unofficial email confirmations referred to in Paragraph 43 for a complete and accurate statement of their contents.

44.     CSG denies the allegations in Paragraph 44 of the Complaint, except admits that if ST had read the prospectuses or other offering documents for any one or more of the ARS at issue, it would have known that those ARS were not backed by federally guaranteed student loans.

45.     CSG denies the allegations in Paragraph 45 of the Complaint, except admits that Giuseppe Amodio of ST and Tzolov exchanged the emails referred to in Paragraph 45 (with copies to Butler), and respectfully refers the Court to those emails for a complete and accurate statement of their contents.

46.     CSG denies the allegations in Paragraph 46 of the Complaint, except admits that Tzolov sent representatives of ST the email referred to in Paragraph 46 (with a copy to Butler), admits that Butler and Tzolov purchased non-student-loan ARS in ST's CSSU account on July

24, 2007, and respectfully refers the Court to Tzolov's email for a complete and accurate statement of its contents.

47.     CSG denies the allegations in Paragraph 47 of the Complaint, except admits that Giuseppe Amodio of ST sent Butler the email referred to in Paragraph 47 (with a copy to Tzolov), denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Amodio's reason for sending the email, further states that auctions for CDO-backed ARS had already failed at the time Mr. Amodio sent his email, and respectfully refers the Court to Mr. Amodio's email for a complete and accurate statement of its contents.

48.     CSG denies the allegations in Paragraph 48 of the Complaint, except admits that Butler and Tzolov were unable to sell ST's $30.35 million position in Independence V CDO Ltd. because the auction for that security failed on August 6, 2007, and admits, upon information and belief, that Butler and Tzolov knew that the position was not a SLARS.

49.     CSG denies the allegations in Paragraph 49 of the Complaint, except admits that Giuseppe Amodio sent Butler the email referred to in Paragraph 49 (with a copy to Tzolov) objecting to the trade, states that ST's other positions at issue became illiquid at their par value as a result of failed auctions, and respectfully refers the Court to Mr. Amodio's email for a complete and accurate statement of its contents.

50.     CSG denies the allegations in Paragraph 50 of the Complaint.

51.     CSG denies the allegations in Paragraph 51 of the Complaint.

52.     CSG denies the allegations in Paragraph 52 of the Complaint, except admits that, on September 5, 2007, Giuseppe Notarnicola of ST sent Matthew Gorman at CSSU the email referred to in Paragraph 52, and respectfully refers the Court to that email for a complete and accurate statement of its contents.

53.    CSG denies the allegations in Paragraph 53 of the Complaint, except admits that, on or about September 12, 2007, at the request of ST, executives of CSSU and CSG participated in confidential settlement discussions in a good faith effort to resolve the dispute.

54.    CSG denies the allegations in Paragraph 54 of the Complaint, except admits that the market for SLARS remained liquid for a limited time after August 2007 so that SLARS could have been sold in their next auctions, and admits that CSSU has not paid the Award but instead has posted a bond in an amount that was agreed to by ST and so-ordered by the court pending the outcome of CSSU's appeal from Judge Batts's decisions.

55.    CSG denies the allegations in Paragraph 55 of the Complaint, except admits that CSG is not liable for the actions of employees of its indirect subsidiary, and that ST could not justifiably have relied on those employees' misrepresentations at issue in this action.

56.    CSG denies the allegations in Paragraph 56 of the Complaint, except admits, upon information and belief, that Butler and Tzolov depended on their customers' failure to review the accurate and timely account statements and trade confirmations mailed to them by CSSU, and respectfully refers the Court to the transcripts of Tzolov's trial testimony for a complete and accurate statement of its content.

## ALLEGATIONS REGARDING THE CREDIT SUISSE GROUP

57.    CSG denies the allegations in Paragraph 57 of the Complaint.

(a)    CSG denies the allegations in Paragraph 57(a) of the Complaint, except admits that Butler and Tzolov were employed by CSSU and were promoted by CSSU to the position of director, admits that CSG has three main divisions (Private Banking, Investment Banking, and Asset Management) that share certain services, and respectfully refers the Court to CSG's public statements referred to in Paragraph 57(a) for a complete and accurate statement of their contents.

(b)      CSG denies the allegations in Paragraph 57(b) of the Complaint, except admits that CSSU is an indirect, wholly-owned subsidiary of CSG, admits that CSG files consolidated financial statements including CSSU and other subsidiaries, and respectfully refers the Court to CSG's publicly-filed financial statements for a complete and accurate statement of their contents.

(c)      CSG denies the allegations in Paragraph 57(c) of the Complaint, except respectfully refers the Court to its Web site for a complete and accurate statement of its contents. See https://www.credit-suisse.com.

(d)      CSG denies the allegations in Paragraph 57(d) of the Complaint, except admits that, on April 28, 2006, Walter B. Kielholz, Chairman of CSG's Board of Directors at the time, gave a speech at CSG's annual general meeting, admits that, on January 1, 2008, The Banker published an interview of CEO Brady Dougan, and respectfully refers to the Court to the speech and the article referred to in Paragraph 57(d) for a complete and accurate statement of their contents.

(e)      CSG denies the allegations in Paragraph 57(e) of the Complaint, except respectfully refers the Court to the Web site and the presentation materials referred to in Paragraph 57(e) for a complete and accurate statement of their contents.  See https://www.credit-suisse.com.

(f)      CSG denies the allegations in Paragraph 57(f) of the Complaint, except admits that Paul Calello, now deceased, was CEO of the Investment Bank between 2007 and June 2010 and a member of the Executive Boards of CSG and Credit Suisse AG between 1997 and November 2010, and admits that Robert Shafir is CEO of Asset Management and a member of the Executive Boards of CSG and Credit Suisse AG.

(g)     CSG denies the allegations in Paragraph 57(g) of the Complaint, except respectfully refers the Court to the transcript of the testimony referred to in Paragraph 57(g) for a complete and accurate statement of its contents.

(h)     CSG denies the allegations in Paragraph 57(h) of the Complaint, except admits that CSG's CEO, Brady Dougan, works in various offices, including an office in New York.

58.     CSG denies the allegations in Paragraph 58 of the Complaint, except admits that Walter Berchtold traveled to New York in the fall of 2007, admits that he has discussed Butler and Tzolov, and admits that, on or about the dates alleged, at the request of ST, executives of CSG and ST met in Switzerland to engage in confidential settlement discussions in a good faith effort to resolve the dispute.

59.     CSG denies the allegations in Paragraph 59 of the Complaint, except admits that CSSU has entered into settlement agreements with the New York Attorney General, the North American Securities Administrators Association, and regulators from other states, including those identified in Paragraph 59, admits that sophisticated investors such as ST with account values in excess of $10 million do not fall within the scope of those settlement agreements, and respectfully refers the Court to the settlement agreements for a complete and accurate statement of their contents.

60.     CSG denies the allegations in Paragraph 60 of the Complaint, except respectfully refers the Court to the Wall Street Journal article referred to in Paragraph 60 for a complete and accurate statement of its contents.

61.     CSG denies the allegations in Paragraph 61 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of any victims of Butler and Tzolov's criminal fraud, and states further that CSSU

promptly and fully complied with its regulatory reporting obligations by reporting the brokers'
prohibited conduct to FINRA.

62.     CSG denies the allegations in Paragraph 62 of the Complaint.

63.     CSG denies the allegations in Paragraph 63 of the Complaint, except admits that
the remarketing fee paid by certain lead dealers for sales of ARS backed by CDOs was higher
than the remarketing fee paid by certain lead dealers for sales of SLARS.

64.     CSG denies the allegations in Paragraph 64 of the Complaint, except respectfully
refers the Court to the press release and other public statements referred to in Paragraph 64 for a
complete and accurate statement of their contents.

65.     CSG denies the allegations in Paragraph 65 of the Complaint, except admits that
Credit Suisse Alternative Capital served as the collateral manager for Class V Funding for which
it received compensation unrelated in any way to the sale of that security to ST.

66.     CSG denies the allegations in Paragraph 66 of the Complaint, except respectfully
refers the Court to the letter to shareholders and the earnings call transcript referred to in
Paragraph 66 for a complete and accurate statement of their contents.

67.     CSG denies the allegations in Paragraph 67 of the Complaint, except respectfully
refers the Court to the published interview of CEO Brady Dougan referred to in Paragraph 67 for
a complete and accurate statement of its contents.

68.     CSG denies the allegations in Paragraph 68 of the Complaint, except states that,
in August 2007, as accurately reflected in its account statements and official trade confirmations,
ST was invested (and had been for some time) exclusively in ARS backed by collateral other
than student loans.

69.     CSG denies the allegations in Paragraph 69 of the Complaint, except admits that the auctions for the ARS held in ST's account failed in August 2007, causing the securities to be illiquid at their par value.

70.     CSG denies the allegations in Paragraph 70 of the Complaint.

71.     CSG denies the allegations in Paragraph 71 of the Complaint, except respectfully refers the Court to CSG's Code of Conduct for a complete and accurate statement of its contents.

72.     CSG denies the allegations in Paragraph 72 of the Complaint.

73.     CSG denies the allegations in Paragraph 73 of the Complaint, and respectfully refers the Court to the record of the FINRA Arbitration for a complete and accurate statement of its contents.

74.     CSG denies the allegations in Paragraph 74 of the Complaint, and respectfully refers the Court to the testimony referred to in Paragraph 74 for a complete and accurate statement of its contents.

75.     CSG denies the allegations in Paragraph 75 of the Complaint.

76.     CSG denies the allegations in Paragraph 76 of the Complaint, except states that, in May 2005, CSSU self-reported to the Enforcement Division of the New York Stock Exchange its failure, in certain instances, to send offering documents to customers that purchased securities between July 1, 2003 and October 31, 2004, and consented, without admitting or denying guilt, to being censured and fined for those incidents, and denies that either CSG or CSSU failed to send offering documents to ST if and when required.

77.     CSG denies the allegations in Paragraph 77 of the Complaint, except admits that, in March 2008, CSG announced a total valuation reduction of $2.65 billion relating to the fourth quarter of 2007 and the first quarter of 2008 resulting, in part, from intentional misconduct of

traders in the CDO trading business within the Investment Banking division, and CSG respectfully refers to the press release and statement by Standard & Poor's referred to in Paragraph 77 for a complete and accurate statement of their contents.

78.     CSG denies the allegations in Paragraph 78 of the Complaint.

79.     CSG denies the allegations in Paragraph 79 of the Complaint, except admits that Butler and Tzolov's criminal actions did not cause CSSU to terminate any of their supervisors or sales assistants, admits that Matthew Gorman, an employee of CSSU, prepared notes of his telephone calls with Butler/Tzolov clients in August and September 2007, and respectfully refers the Court to Mr. Gorman's notes for a complete and accurate statement of their contents.

80.     CSG denies the allegations in Paragraph 80 of the Complaint, except respectfully refers the Court to the news articles referred to in Paragraph 80 for a complete and accurate statement of their contents.

81.     CSG denies the allegations in Paragraph 81 of the Complaint, except respectfully refers the Court to the press release referred to in Paragraph 81 for a complete and accurate statement of its contents.

82.     CSG denies the allegations in Paragraph 82 of the Complaint, except respectfully refers the Court to the Wall Street Journal article referred to in Paragraph 82 for a complete and accurate statement of its contents.

83.     CSG denies the allegations in Paragraph 83 of the Complaint, except respectfully refers the Court to the Wall Street Journal article referred to in Paragraph 83 for a complete and accurate statement of its contents, and states further that CSSU promptly filed Form U-5s accurately describing the allegations against Butler and Tzolov at the time, and that Butler and Tzolov resigned from CSSU while on administrative leave.

84.     CSG denies the allegations in Paragraph 84 of the Complaint, and states further that it was unaware of Butler and Tzolov's activities at issue in July 2007.

85.     CSG denies the allegations in Paragraphs 85 of the Complaint, except admits that CSSU acted at all times in good faith, and respectfully refers the Court to CSSU's regulatory filings and to the record of the FINRA Arbitration for a complete and accurate statement of their contents.

86.     CSG denies the allegations in Paragraph 86 of the Complaint, and respectfully refers the Court to the record of the FINRA Arbitration and to the December 2006 email referred to in Paragraph 86 for a complete and accurate statement of their contents.

87.     CSG denies the allegations in Paragraph 87 of the Complaint, and respectfully refers the Court to the record of the FINRA Arbitration for a complete and accurate statement of its contents.

88.     CSG denies the allegations in Paragraph 88 of the Complaint, and respectfully refers the Court to the record of the FINRA Arbitration for a complete and accurate statement of its contents.

### FIRST CAUSE OF ACTION
**(Violation of Section 10(b)of Securities Exchange Act of 1934, 15 U.S.C. §78a, *et seq.* and SEC Rule 10b(5), 17 C.F.R. §240)**

89.     CSG repeats and realleges Paragraphs 1-88 above as though fully set forth herein.

90.     CSG denies the allegations in Paragraph 90 of the Complaint.

91.     CSG denies the allegations in Paragraph 91 of the Complaint.

92.     CSG denies the allegations in Paragraph 92 of the Complaint.

93.     CSG denies the allegations in Paragraph 93 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Violation of Section 20(a) of the United States Securities and Exchange Act of 1934,**
**as amended, 15 U.S.C. § 78a, *et seq.*)**

94.     CSG repeats and realleges Paragraphs 1-88 above as though fully set forth herein.

95.     CSG denies the allegations in Paragraph 95 of the Complaint.

96.     CSG denies the allegations in Paragraph 96 of the Complaint.

97.     CSG denies the allegations in Paragraph 97 of the Complaint.

98.     CSG denies the allegations in Paragraph 98 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Aiding and Abetting Common Law Fraud)**

99.     CSG repeats and realleges Paragraphs 1-88 above as though fully set forth herein.

100.     No answer is required to Paragraph 100 of the Complaint because the Court has dismissed ST's claim against CSG for aiding and abetting common law fraud.  To the extent that any answer may be required, however, CSG denies the allegations in Paragraph 100.

**FOURTH CAUSE OF ACTION**
**(Conversion)**

101.     CSG repeats and realleges Paragraphs 1-88 above as though fully set forth herein.

102.     CSG denies the allegations in Paragraph 102 of the Complaint.

103.     CSG denies the allegations in Paragraph 103 of the Complaint, except admits that Butler and Tzolov have been convicted and pled guilty, respectively, to perpetrating a criminal fraud on ST, which they did without CSG's or CSSU's knowledge and in violation of CSG and CSSU policy.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment)**

104.     CSG repeats and realleges Paragraphs 1-88 above as though fully set forth herein.

105.    No answer is required to Paragraph 105 of the Complaint because the Court has dismissed ST's claim against CSG for unjust enrichment.  To the extent that any answer may be required, however, CSG denies the allegations in Paragraph 105.

106.    No answer is required to Paragraph 106 of the Complaint because the Court has dismissed ST's claim against CSG for unjust enrichment.  To the extent that any answer may be required, however, CSG denies the allegations in Paragraph 106.

## ANSWER TO PRAYER FOR RELIEF

CSG denies the allegations in ST's Prayer for Relief and denies that ST is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

CSG asserts the following defenses, without assuming the burden of proof of any such defenses that would otherwise rest on ST:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to plead claims against CSG with the requisite particularity.

### THIRD DEFENSE

The Complaint is subject to dismissal for failure to join necessary and indispensable parties to this action.

### FOURTH DEFENSE

CSG acted at all times in good faith and with reasonable care and diligence.

### FIFTH DEFENSE

ST's claims are barred by the terms of its Customer Agreement.

**SIXTH DEFENSE**

ST's claims are barred, in whole or in part, by its failure to mitigate damages.

**SEVENTH DEFENSE**

ST's claims are barred, in whole or in part, under the doctrines of waiver and estoppel.

**EIGHTH DEFENSE**

ST's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.


WHEREFORE, Credit Suisse Group respectfully requests that this Court enter an order dismissing the Amended Complaint with prejudice, awarding Credit Suisse Group its costs in defending this action, and granting such other and further relief as is just and proper.


Dated: New York, New York
      May 13, 2011                 Respectfully submitted,


                           /s/  Jeffrey Q. Smith
                          Jeffrey Q. Smith
                          Mary Gail Gearns
                          Jeanette V. Torti
                          BINGHAM McCUTCHEN LLP
                          399 Park Avenue
                          New York, NY 10022
                          Tel:  (212) 705-7000
                          Email: jqsmith@bingham.com
                                marygail.gearns@bingham.com
                                jeanette.torti@bingham.com

                          *Attorneys for Defendant*
                           *Credit Suisse Group*